| | |
|---|---|
| **JOHNS HOPKINS UNIVERSITY**<br>3400 N. Charles Street<br>Garland Hall 113<br>Baltimore, Maryland 21218<br><br>    Plaintiff,<br><br>    vs.<br><br>**1E Limited**<br>CP House<br>97-107 Uxbridge Road<br>London W5 5TL<br>United Kingdom,<br><br>and<br>**1E Inc.**<br>5 Penn Plaza, 24th Floor<br>New York, New York 10001<br><br>    Defendants,<br><br>Serve On:<br>**The Corporation Trust Incorporated**<br>  351 West Camden Street<br>  Baltimore, Maryland 21201<br><br>    Resident Agent. | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>BALTIMORE CITY<br><br>Case No.: 24-C-16-000 416 CN |

### COMPLAINT

Plaintiff The Johns Hopkins University ("JHU" or the "University"), for its Complaint against defendants 1E Limited and 1E Inc. (collectively, "1E") states as follows:

### NATURE OF CLAIM

1.     This civil action arises out of a breach of contract by Defendants 1E.

- 1 -

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this court pursuant to Maryland Courts and Judicial Proceedings §6-103(b) since the Defendants conduct business in the City of Baltimore, State of Maryland.

3. Jurisdiction is further conferred on this court pursuant to the 1E Software and Services Agreement executed by the parties. A copy of the 1E Software & Services Agreement is attached as Exhibit A.

4. Venue is properly vested in this Court in accordance with Maryland Courts and Judicial Proceedings Article §6-202 as the Defendants are a corporation without a principal place of business in the State.

## PARTIES

5. Plaintiff JHU is a private not for profit corporation organized under the laws of the State of Maryland and has its principal place of business in Baltimore City, Maryland. JHU is engaged in, among other things, the business of higher education and medical training and research.

6. Defendant 1E Limited is a company registered in England and Wales with number 3401322 and has its registered office at Farringdon Place, 20 Farringdon Road, London EC1M 3AP. 1E Limited has its principal place of business at CP House, 97-107 Uxbridge Road, London, W5 5TL.

7. Defendant 1E Inc. is a corporation formed in Delaware and registered to do business in Maryland with Department of Assessments and Taxation identification number F14084073. Upon information and belief, 1E, Inc. has a regional office at 5 Penn Plaza, 24th Floor, New York, New York 10001.

8. Defendants 1E are engaged in the business of information technology and, in particular, software solutions.

## FACTS RELEVANT TO ALL COUNTS

9. On or about June 21, 2013, JHU and 1E executed the 1E Software & Services Agreement. *See* Exhibit A.

10. The 1E Software & Services Agreement provided that 1E would license its NightWatchman Enterprise software to JHU for use by JHU's School of Medicine and Bloomberg School of Public Health.

11. The purpose of the NightWatchman software is to wakeup network computers so that updates may be applied, and shut them back down. This is supposed to be a "green solution," done at night while users are not at their workstations.

12. The contract between JHU and 1E is comprised of the Software & Services Agreement, purchase orders, JHU's Terms & Conditions, and a Statement of Work Agreement (collectively, the "Contract"). A copy of the Statement of Work Agreement is attached as Exhibit B.

13. JHU paid 1E for the NightWatchman software.

14. Despite executing the Software & Services Agreement in 2013, JHU and 1E did not begin implementing its terms until approximately the summer of 2014.

15. The Statement of Work Agreement provides for 1E's delivery of the engagement in two phases, "Environment Stabilization and Configuration" and "Integration and Deployment of Clients in Johns Hopkins environment." *See* Exhibit B, page 3.

16. In the Environment Stabilization and Configuration phase, 1E was supposed to install and configure the NightWatchman server components and ensure that all aspects of the software were fully functional, among other things. *See* Exhibit B, page 3.

17. In the Integration & Deployment phase, 1E was supposed to deploy NightWatchman to as many machines as possible and equip the JHU information technology team with the proper process and guidance to deploy to the full estate. *See* Exhibit B, page 3.

18. 1E and JHU encountered many difficulties in deploying the NightWatchman software, primarily due to machines not waking up as they were supposed to. Over the course of several months, JHU and 1E employees exchanged numerous emails as 1E made repeated unsuccessful attempts at resolving the problems with the software.

19. The software never worked as promised and warranted. It did not reliably wake up and shut down network computers. Therefore, on or about February 27, 2015, JHU informed 1E that it had suspended all work on the NightWatchman project.

20. JHU has demanded a full refund of its costs.

21. To date, 1E has not refunded JHU's payment.

## COUNT I – BREACH OF CONTRACT

22. Plaintiff JHU adopts by reference the allegations contained in paragraphs 1 through 21 of this Complaint with the same effect as if herein fully set forth.

23. Pursuant to the Contract, 1E granted JHU a license to use the NightWatchman software.

24. JHU has paid 1E a total of one hundred seventy-three thousand seven hundred ten dollars and ninety cents ($173,710.90) for the software and maintenance.

25. Because the software was never functional, JHU has not received the benefit of either the software or the maintenance.

26. 1E is responsible for the breach in its contractual obligations to deliver the software.

27. JHU has also sustained actual and compensatory damages caused by and directly arising from 1E's breaches of contract.

**WHEREFORE,** Johns Hopkins University demands judgment against 1E in excess of one hundred seventy-three thousand dollars ($173,000) plus interest and costs, together with such other relief as the Court may deem proper to award.

### COUNT II – BREACH OF WARRANTY

28. Plaintiff JHU adopts by reference the allegations contained in paragraphs 1 through 27 of this Complaint with the same effect as if herein fully set forth.

29. The 1E Software & Services Agreement states, "1E warrants that the Software during the term of the License and any renewal terms, will perform and substantially conform to its written product descriptions and technical specifications and will not become inoperable...." *See* Exhibit A, page 10.

30. The Software never performed.

31. 1E's breach of the warranty constitutes a material breach of the Software & Services Agreement and the Contract.

32. JHU has been damaged by 1E's breach of the warranty.

33. JHU has sustained actual and compensatory damages that have been caused by, and are directly related to 1E's breaches, and moreover in the case of compensatory damages, these damages were reasonably foreseeable by 1E.

**WHEREFORE**, Johns Hopkins University demands judgment against TE in excess of one hundred seventy-three thousand dollars ($173,000) plus interest and costs, together with such other relief as the Court may deem proper to award.

Respectfully submitted,

*/s/ Terri L. Turner/*

Terri L. Turner
Senior Associate General Counsel
Johns Hopkins University
Office of the Vice President
and General Counsel
3400 N. Charles Street
113 Garland Hall
Baltimore, Maryland 21218
(410) 516-8128 (Phone)
(410) 516-5448 (Fax)

Attorney for the Plaintiff
The Johns Hopkins University